UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NOAH REYFF,

        Plaintiff,        Civil Action No.
                                    11-CV-10941

vs.

                                    HON. MARK A. GOLDSMITH

MIDWESTERN AUDIT SERVICES, INC.,

        Defendant.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS AND DENYING DEFENDANT'S REQUEST FOR COSTS AND ATTORNEY FEES

### I.  INTRODUCTION

This case is filed under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq.  Plaintiff alleges that Defendant violated the FDCPA when it: (a) called him repeatedly, attempting to collect a $200 debt allegedly owed to Verizon Wireless, and (b) disclosed the existence of the debt to a third person, Plaintiff's fiancée, who allegedly overheard a message left by Defendant on Plaintiff's answering machine saying that Defendant was attempting to collect a debt.

Now before the Court is Plaintiff's motion for voluntary dismissal of this action with prejudice under Federal Rule of Civil Procedure 41(a)(2).  Defendant agrees that dismissal is appropriate, but argues that the action is frivolous and, therefore, seeks costs and attorney fees pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927.  The sole contested issue is whether Defendant is entitled to costs and attorney fees.  For the reasons that follow, the Court finds that it is not.  Accordingly, the Court will grant Plaintiff's motion to dismiss and decline to award costs and attorney fees to Defendant.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In January 2011, before the lawsuit was filed, Plaintiff's attorney sent Defendant a fax demanding that Defendant cease all communications with Plaintiff. Defendant did not comply, prompting Plaintiff to file this lawsuit on March 9, 2011. Defendant was finally served with the complaint on May 9, 2011. Service took so long because Plaintiff had named in the complaint, and served, the wrong entity. Before proper service on Defendant was perfected, Plaintiff applied for, and the clerk entered, a default against Defendant on April 28, 2011 (Dkt. 5). On May 11, 2011, Defendant's attorney advised Plaintiff's attorney that Defendant does not collect debts on behalf of Verizon Wireless, as alleged in the complaint. Accordingly, Defendant demanded that Plaintiff voluntary dismiss the case; otherwise, Defendant warned that it would file its own motion to dismiss, seeking costs and attorney fees (Dkt. 32-5).

Plaintiff did not dismiss the complaint, prompting Defendant to file a motion to set aside default, which was granted by the Magistrate Judge (Dkt. 16). Within its motion to set aside default, Defendant requested that the Court dismiss the case on its own accord as frivolous. The Magistrate Judge, however, declined to do so because, according to Defendant, Plaintiff's counsel stated that Defendants phone number appeared on Plaintiff's "caller id."

Meanwhile, Plaintiff filed a motion to amend the complaint, which was heard by the Magistrate Judge and granted. Plaintiff's amended complaint, which was filed on July 7, 2011, corrects Defendant's name.

Once discovery commenced, Plaintiff produced an audio tape purportedly supporting his claims against Defendant. However, the tape does not implicate Defendant; it implicated an entirely different debt collecting agency by the name of Executive Financial Debt Collection. Accordingly, on September 6, 2011, Defendant's attorney sent Plaintiff's attorney an email

advising him of that fact, again requesting that Plaintiff dismiss the case "asap," and warning that, in the absence of a dismissal, Defendant would file a motion to dismiss and seek costs and attorney fees (Dkt. 32-8).  Plaintiff admits that the tape does not implicate Defendant and states that it was inadvertently produced.

At some point during discovery, Defendant sent Plaintiff letters and invoices, all of which reflect that Defendant was attempting to collect a debt on behalf of Rochester Emergency Group, and not Verizon Wireless, as alleged in the complaint.  (Dkt. 32-9).  In addition, Defendant sent Plaintiff what appears to be an internal document listing every instance in which Defendant had, or attempted to have, contact with Plaintiff.  The log reflects that Defendant contacted Plaintiff by phone dozens of times between September 2010 and January 2011.  Id.

On September 13, 2011, Defendant's attorney emailed Plaintiff's attorney advising that he would take Plaintiff's deposition if Plaintiff still refused to dismiss the case.  (Dkt. 32-10).  Plaintiff did not dismiss the case, and Defendant took Plaintiff's deposition.

On December 28, 2011, Plaintiff filed a motion seeking voluntary dismissal of his case.  An amended motion was filed, superseding the original one, on the same day (Dkt. 29).

### III. ANALYSIS

Defendant agrees to dismissal, but requests an award of costs and attorney fees in the amount of 7,650 pursuant to Rule 11 or  28 U.S.C. § 1927.  In essence, Defendant contends that Plaintiff was warned over and over again that the case should be dismissed as frivolous, but that Plaintiff stubbornly refused to dismiss it until after Defendant racked up substantial fees and costs.

Plaintiff, on the other hand, argues that his claim is not frivolous, and that the case was not filed in bad faith or for an improper purpose.  Plaintiff argues that the evidence produced by

Defendant in this matter – namely, the call log showing dozens of calls from Defendant to Plaintiff over a short period of time – confirms that there was adequate factual support behind the filing of the case.  Plaintiff also reiterates its allegation that Defendant improperly disclosed to a third party that Defendant was seeking to collect a debt from Plaintiff, when Plaintiff's fiancé allegedly overheard a message left by Defendant on Plaintiff's answering machine.  Plaintiff admits that the complaint incorrectly alleges that the original creditor was Verizon Wireless when, in reality, it was a hospital, but argues that this error does not render his general claim invalid.  Either way, Plaintiff contends, Defendant is alleged to have harassed Plaintiff with phone calls and disclosed his alleged debt to a third party.

After careful review, the Court agrees with Plaintiff.  As an initial matter, Defendant has not filed a motion requesting sanctions; rather, it requests sanctions in response to Plaintiff's motion for voluntary dismissal.  Thus, the request for sanctions is not properly before the Court.

Even putting that concern aside, however, the Court finds that Defendant is not entitled to an award of sanctions.  Defendant's request for sanctions is made pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927.  Rule 11 sanctions are inappropriate here, because Defendant has not complied with the Rule's mandatory "safe harbor" provision, which requires the party seeking sanctions to provide notice to the offending party by serving the Rule 11 motion on that party at least 21 days before filing the motion with the district court, thereby allowing the offending party 21 days to withdraw or correct the offending conduct.  See Fed. R. Civ. P. 11(c)(2).  The record does not reflect that Defendant complied with this requirement.

The Court also declines to sanction Plaintiff under 28 U.S.C. § 1927.  Under that provision, an attorney "who so multiplies the proceedings in any case unreasonably and

vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." As stated by the Sixth Circuit,

> [t]he proper inquiry is not whether an attorney acted in bad faith; rather, a court should consider whether an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims. An award of fees under the statute thus requires a showing of something less than subjective bad faith, but something more than negligence or incompetence.

Hall v. Liberty Life Assur. Co. of Boston, 595 F.3d 270, 275-276 (6th Cir. 2010) (citations and internal quotation marks omitted).

Here, everyone agrees that Plaintiff misstated the identity of the original creditor in his complaint. Everyone also agrees that the audio tape produced during discovery is irrelevant to this matter. However, notwithstanding these errors made by Plaintiff, Defendant has not adequately established that the claim asserted against it is frivolous at all, much less so frivolous as to justify sanctions under § 1927. Under the FDCPA, debt collectors are prohibited from communicating with third parties about a debtor's alleged debt subject to the following exceptions, none of which appears to be operative here:

> (1) the person obligated or allegedly obligated to pay the debt (the consumer);
> (2) the consumer's spouse, parent (if the consumer is a minor), guardian, executor or administrator;
> (3) the consumer's attorney;
> (4) a consumer reporting agency if otherwise permitted by law;
> (5) the creditor;
> (6) the attorney for the creditor; or
> (7) the attorney for the debt collector.

15 U.S.C. § 1692c(b).[1] Because Plaintiff's claim does not appear to be frivolous, the Court declines to sanction Plaintiff under § 1927.

### IV. CONCLUSION

---

[1] The third party in the present case was, at the time, Plaintiff's fiancée, not his wife; thus, exception (2) is not operative.

For the reasons stated above, Plaintiff's motion for voluntary dismissal (Dkt. 29) is granted. See Fed. R. Civ. P. 41(a)(2). The case is dismissed with prejudice and without imposition of sanctions.

SO ORDERED.

Dated: January 12, 2012  s/Mark A. Goldsmith
      Flint, Michigan  MARK A. GOLDSMITH
                                         United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 12, 2012.

                                         s/Deborah J. Goltz
                                         DEBORAH J. GOLTZ
                                         Case Manager